



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - x

WPIX, Inc., et al.,

                    Applicants,  :  09 Civ. 10366 (LLS)

    -against-  :  Related to *United States v. Broadcast Music, Inc.*, 64 Civ. 3787 (LLS)

BROADCAST MUSIC, INC.,

                    Respondent.  :

- - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-7-10

### STIPULATION AND PROTECTIVE ORDER CONCERNING USE OF NIELSEN DATA

WHEREAS, The Nielsen Company (US), LLC ("Nielsen") has, in the regular course of its business, provided certain information to various of the Applicants in this proceeding WPIX, Inc. et al. (the "Applicants"), their agent the Television Music Licensing Committee and Respondent Broadcast Music, Inc. ("BMI") (each, a "Party" and together, the "Parties") in the form of data and reports (the "Nielsen Data and Reports");

WHEREAS, certain Nielsen Data and Reports have been provided to each Party by Nielsen pursuant to contracts between Nielsen and each Party;

WHEREAS, the Parties do not dispute Nielsen's contention that the Nielsen Data and Reports and the information therein are confidential and proprietary to Nielsen and have continuing value to Nielsen;

WHEREAS, the Parties have requested that Nielsen waive certain of its rights and permit certain disclosure of the Nielsen Data and Reports by and between the Parties;

WHEREAS, the Parties desire to go forward with the discovery and production to each other of the Nielsen Data and Reports provided by Nielsen to them without compromising the confidential and proprietary nature of the Nielsen Data and Reports;

WHEREAS, the Parties hereto desire to use the Nielsen Data and Reports in fact and expert discovery, including, but not limited to, at depositions;

WHEREAS, the Parties want not to address in this Stipulation issues regarding the reliability or admissibility of the Nielsen Data and Reports and regarding the methodology utilized by Nielsen, and the Parties and Nielsen agree to seek to resolve any such issues first through informal processes, but the Parties do reserve, for the time being, their rights concerning the seeking of discovery from Nielsen or trial testimony by an officer, director, employee, or agent of Nielsen, and Nielsen reserves its rights to object to, oppose, or seek to quash any requests for discovery or testimony; and

WHEREAS, the Court has entered a Protective Order on July 1, 2010 (the "General Protective Order") governing the confidential treatment of certain discovery materials in pretrial discovery in this proceeding, and Nielsen has received a copy of that General Protective Order;

IT IS STIPULATED AND AGREED by and between the Parties and Nielsen that Nielsen hereby provides to the Parties a limited waiver of its rights in order to allow the Parties to disclose and produce to each other documents containing Nielsen Data and Reports during the proceeding and to use such documents during the fact and expert discovery phases of the proceeding, including as exhibits at depositions and to

declarations, affidavits and/or reports, subject to the following terms and conditions to be complied with by the Parties:

1. This Order shall govern the treatment of all the Nielsen Data and Reports prepared, compiled and provided by Nielsen to the Parties pursuant to Nielsen's contractual agreements with the Parties and which the Parties may produce to one another in response to any discovery request, document demand, and/or interrogatory and/or may use as an exhibit at a deposition or to a declaration, affidavit and/or report. This Order shall also govern deposition testimony relating to Nielsen Data and Reports.

2. All documents constituting or containing Nielsen Data and Reports, and all copies or summaries (including tables, charts, graphs, etc.) thereof, shall be designated as "CONFIDENTIAL" by marking each page of the document "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in *WPIX v. BMI*, S.D.N.Y., 09 Civ. 10366 (LLS)" and shall be treated as "Confidential Information" pursuant to the General Protective Order.

3. The Parties agree to defer, but reserve the right to contest, issues regarding (i) limitations, whether or not disclosed to Nielsen subscribers, of Nielsen's proprietary statistical estimates or methodology; (ii) computational or clerical reporting errors with respect to such estimates, to the extent that such limitations or errors may be directly relevant to a Party's, an expert's, or the Court's potential use or interpretation of the estimates in connection with this proceeding; or (iii) the accuracy of the Nielsen Data and Reports. Upon timely and reasonable request, Nielsen will enter into appropriate stipulations with the Parties as to the authenticity of Nielsen Data and Reports obtained by a Party in discovery from another Party.

4. A Party shall give Nielsen ten (10) business days' advance written notice via e-mail (mraven@sidley.com) and fax (312-853-7036) on its outside counsel, Marc E. Raven of Sidley Austin LLP, before contesting any issue pursuant to Paragraph 3, identifying with particularity the issue to be contested. The Parties shall then promptly meet and confer with Nielsen in good faith in order to (i) discuss possible resolutions of the issue, including but not limited to proceeding via stipulation, affidavit, or declaration, and (ii) ensure that in all events the confidentiality of Nielsen's proprietary estimates and methodology will be maintained to the fullest extent permissible through appropriate safeguards acceptable to Nielsen. Nielsen shall have the right to enforce this Order before this Court. Should the Parties and Nielsen not agree on an acceptable resolution of the issue after meeting and conferring in good faith, the Parties reserve their right to contest the issue pursuant to Paragraph 3.

5. Nielsen reserves the right to object to, oppose, or seek to quash any attempt by a Party to contest an issue pursuant to Paragraph 3, including without limitation on the grounds that the confidentiality of Nielsen's proprietary estimates or statistical methodology will not be adequately protected, that Nielsen will suffer undue burden or expense, or that Nielsen will otherwise be injured in its business. Nielsen shall meet and confer with the Parties in good faith before requesting any court's intervention with respect to any such objection, opposition, or motion.

6. In the event that any Party wishes to seek discovery and/or testimony from Nielsen through a subpoena, the Parties shall first seek to meet and confer together with Nielsen in good faith in order to (i) discuss possible alternatives to seeking such production of documents and/or testimony that may be preferable to Nielsen,

including, but not limited to, proceeding via stipulation, affidavit, or declaration, and (ii) ensure that in all events the confidentiality of Nielsen's proprietary estimates and methodology will be maintained to the fullest extent permissible through appropriate safeguards acceptable to Nielsen.

7. Should the Parties and Nielsen not agree on an acceptable alternative pursuant to Paragraph 6 following good-faith negotiations, the Parties reserve their right to subpoena Nielsen for the production of documents and/or subpoena one or more Nielsen employees to testify by deposition or at trial in this proceeding. A Party shall give Nielsen ten (10) business days' advance written notice, following the provision of notice as required by Paragraph 4, before issuing any subpoena, identifying with particularity the discovery or testimony to be sought. Nielsen agrees that any such subpoena may be served via email (mraven@sidley.com) and fax (312-853-7036) on its outside counsel, Marc E. Raven of Sidley Austin LLP. Nielsen reserves its rights to object to, oppose, or seek to quash any subpoena issued pursuant to this Paragraph.

8. The Parties agree to defer, but reserve their rights with respect to, issues regarding the admissibility into evidence of any Nielsen Data and Reports, of summaries (including tables, charts, graphs, etc.) of any Nielsen Data and Reports, or of any testimony regarding Nielsen Data and Reports. The Parties and Nielsen agree to meet and confer together in good faith regarding the terms of an appropriate evidentiary stipulation sufficient to protect Nielsen's legitimate interests in the event that one or more Parties wish to use any Nielsen Data and Reports or summaries of Nielsen Data and Reports or offer any testimony regarding Nielsen Data and Reports at trial or in any other evidentiary proceeding.

9. The Parties acknowledge that Nielsen retains all rights it might otherwise have in and to the Nielsen Data and Reports except as specifically waived herein.

10. It is agreed between the Parties that Nielsen shall not be considered a party to this proceeding, and the Parties and Nielsen agree that Nielsen and the Parties shall have the right to enforce this Order before this Court at any time during or after the proceeding.

Dated: New York, New York
November 29, 2010

WEIL, GOTSHAL & MANGES LLP

By: _____
R. Bruce Rich
Benjamin E. Marks
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
r.bruce.rich@weil.com

*Attorneys for Applicants WPIX, Inc. et al. and the Television Music License Committee, LLC*

SIDLEY AUSTIN LLP

By: _____
Marc E. Raven
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000
mraven@sidley.com

*Attorneys for Nielsen Company (US), LLC*

HUGHES HUBBARD & REED LLP

By: _____
Michael E. Salzman
James C. Fitzpatrick
Jason Benton
Margaret J. Hoag
One Battery Park Plaza
New York, New York 10004
(212) 837-6000
salzman@hugheshubbard.com

- and -

Marvin L. Berenson
Joseph J. DiMona
John Coletta
Hope M. Lloyd
7 World Trade Center
250 Greenwich Street
New York, NY 10007-0030

*Attorneys for Respondent Broadcast Music, Inc.*

SO ORDERED

_Louis L. Stanton_
U.S.D.J.
Dated: 12/6/10