ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 5/26/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

- against -

BROADCAST MUSIC, INC.,

                Defendant.

--------------------------------X

64 Civ. 3787 (LLS)

MEMORANDUM OPINION & ORDER

*Related to Radio Music License Committee, Inc. v. American Society of Composers, Authors and Publishers; and Broadcast Music, Inc.*, (S.D.N.Y. 2022) 22 Civ. 5023 (JPC)

The Petition in the related case filed by Radio Music License Committee ("RMLC") on June 15, 2022, which seeks to have one Rate Court simultaneously set rates for ASCAP and BMI invokes provisions of the Consent Decree which are properly referred to me, and are disposed of by this Order. They are as follows:

1.

On October 11, 2018 Congress enacted the Music Modernization Act, 28 U.S.C.A. § 137 (herein after the "Statute") reorganizing to some degree the Court's management of rate disputes involving music performing rights licensing organizations and the Rate Court which sets reasonable rates when the organizations (particularly BMI and ASCAP) cannot agree on them with their prospective licensees.

Subdivision (b)(2) provides:

> **Rule of construction.**--Nothing in paragraph (1) shall modify the rights of any party to a consent decree or to a proceeding to determine reasonable license fees, to make an application for the construction of any provision of the applicable consent decree. Such application shall be referred to the judge to whom continuing jurisdiction over the applicable consent decree is currently assigned.

1

As the Judge currently assigned jurisdiction of the applicable consent decree, this application is properly referred to me.

2.

Article XIII of the Consent Decree states:

To best preserve the independent conduct of defendant's music licensing activities, the jurisdiction retained by the Court over this Final Judgment shall be exercised by a Judge of this Court other than one to whom has been assigned any action in which a judgment has been entered retaining jurisdiction over any music performing rights licensing organization (e.g. ASCAP) other than defendant.

3.

The Statute provides:

**(B) Determination of license fee.**—Except as provided in subparagraph (C), in the case of any performing rights society subject to a consent decree, any application for the determination of a license fee for the public performance of music in accordance with the applicable consent decree shall be made in the district court with jurisdiction over that consent decree and randomly assigned to a judge of that district court according to the rules of that court for the division of business among district judges, provided that any such application shall not be assigned to –

    **(i)** a judge to whom continuing jurisdiction over any performing rights society for any performing rights society consent decree is assigned or has previously been assigned; or

    **(ii)** a judge to whom another proceeding concerning an application for the determination of a reasonable license fee is assigned at the time of the filing of the application.

\* \* \* \* \*

Consistent with the provisions contained in the portions of the statute and the Consent Decree quoted in paragraphs 2 and 3 above, this Court directs the Clerk to:

Sever all portions of the RMLC Petition which seek the setting by a

Rate Court of an ASCAP reasonable license fee under the ASCAP Decree, and assign them by the standard electronic method of selection of a Judge of this Court other than Judge Cote and Judge Cronan who does not have an application for the determination of a reasonable license and to whom no action has been assigned in which a judgment has been entered retaining jurisdiction over any music performing rights licensing organization.

So Ordered.

Dated: New York, New York
May 26, 2023

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.