## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| RADIO MUSIC LICENSE COMMITTEE, INC., <br><br> Petitioner, <br><br> v. <br><br> BROADCAST MUSIC, INC. <br><br> Respondent. | 1:22-cv-05023 (JPC) <br><br> *Related to United States v. Broadcast Music, Inc., 64 Civ. 3787 (LLS)* |

## <u>STIPULATION AND PROTECTIVE ORDER</u>

WHEREAS, certain documents and information may be sought, produced or exhibited by and between the parties to this proceeding (the "Proceeding"), which relate to the parties' financial information, competitive information, personnel information, or other kinds of commercially sensitive information that the party making the production deems confidential; and

WHEREAS, it has been agreed by the parties to the Proceeding, through their respective counsel, that a protective order preserving the confidentiality of certain documents and information should be entered by the United States District Court for the Southern District of New York;

IT IS STIPULATED AND AGREED THAT:

1.      This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response, or otherwise, by any party in this Proceeding (the "Supplying Party") to any other party (the "Receiving Party").  This Protective Order is binding upon the parties to the Proceeding, including their

respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents, representatives, officers, and employees, and others as set forth in this Protective Order.

2.      Subpoenaed third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for purposes of this Protective Order.

3.      Any Supplying Party shall, through counsel, have the right to identify and designate as "CONFIDENTIAL," "STATION CONFIDENTIAL," "RESTRICTED," "OUTSIDE COUNSEL ONLY," and/or "SCREENED MATERIAL" any document or information it produces or provides or any testimony given in this Proceeding that the Supplying Party believes constitutes, reflects, or discloses its confidential and/or confidential proprietary information ("Designated Material"), pursuant to the parameters contained herein.

4.      "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "CONFIDENTIAL" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise revealed.  In designating material as "CONFIDENTIAL," the Supplying Party will make such designation only as to that material that it, in good faith, believes to be entitled to confidential treatment under Fed. R. Civ. P. 26(c)(1)(G).

5.      Written Confidential Information, including documents and interrogatory answers, produced by a Supplying Party shall, if appropriate and where possible, be designated as "CONFIDENTIAL" by marking at least the first page of the document and, wherever possible, each subsequent page thereof containing Confidential Information as follows:  **CONFIDENTIAL**.

6.      Any material produced or provided in the Proceeding for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of same by the Supplying Party to the Receiving Party.

7.      Information disclosed at a deposition taken in connection with this Proceeding may be designated as "CONFIDENTIAL" by:

a.      a Supplying Party designating testimony given by it or its present or former employee(s), its officer(s), director(s), partner(s), representative(s), or any expert(s) as "CONFIDENTIAL" on the record during the taking of the deposition, in which case the court reporter shall mark each page as provided in paragraph 5, above; or

b.      a Supplying Party notifying all other parties in writing, within thirty (30) calendar days of receipt of the transcript of a deposition given by it or its present or former employee(s), its officer(s), director(s), partner(s), representative(s), or any expert(s) of specific pages and lines of the transcript which are designated as "CONFIDENTIAL," whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody, or control.

8.      Confidential Information shall be disclosed by the Receiving Party only to the following persons:

a.      outside counsel and attorneys employed or retained by the Receiving Party who are actually assisting in the Proceeding; paralegals, stenographic, clerical, and litigation support employees of such attorneys; and independent contractors (including litigation support services personnel) who are working on the Proceeding and under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of the Proceeding;

3

b.      such directors, officers, and employees of the Receiving Party as have a need to have access to such information for the prosecution of this Proceeding;

c.      subject to the further provisions of paragraph 25, any outside consultant or expert (and his or her staff) actually assisting in the Proceeding and to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the prosecution of this Proceeding;

d.      the Court, including any magistrate judge, court-ordered mediators or mediators agreed to by the parties in writing, and any members of the Court or such mediators' staffs to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court or mediators in this Proceeding;

e.      stenographic employees and court reporters recording or transcribing testimony in the Proceeding; and

f.      the author(s), addressee(s), or recipient(s) of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position.

9.      Persons having knowledge of Confidential Information by virtue of their participation in the conduct of the Proceeding shall use that Confidential Information only in connection with the prosecution or appeal of the Proceeding, and shall neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not listed in paragraph 8 of this Protective Order.

10.      Disclosure of Confidential Information beyond the terms of this Protective Order may be made only if the Supplying Party designating the material as

"CONFIDENTIAL" consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

11.     Any party that is served with a subpoena or other notice compelling the production of any Confidential Information produced by another party must promptly give written notice of such subpoena or other notice to the original Supplying Party.  Upon receiving such notice, the original Supplying Party shall bear the burden to oppose, if it deems appropriate, the subpoena on grounds of confidentiality.

12.     Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and, subject to the provisions of paragraphs 10 and 11, will limit access to Confidential Information to those persons listed in paragraph 8 of this Protective Order.

13.     The parties recognize that there may be certain discrete categories of extremely sensitive confidential and/or proprietary information possessed by the RMLC or by one or more RMLC Stations, the disclosure of which to other RMLC Stations, even if limited to the persons listed in paragraph 8, may compromise and/or jeopardize the Supplying Party's business interests ("Confidential Station Information") such that the Supplying Party may deem such Confidential Station Information to require additional limitations on disclosure to one or more stations other than those set forth in paragraph 8. The Supplying Party may designate such Confidential Station Information in the manner provided in paragraphs 5 or 7 above, except that the legend applied to Confidential Station Information shall be: **STATION CONFIDENTIAL**.

14.     All the provisions set forth in the Protective Order applicable to Confidential Information shall apply equally to Confidential Station Information, except that

disclosure of Confidential Station Information by the Receiving Party shall not be disclosed to any other RMLC Station, and shall be limited to the following persons:

a.      outside counsel and attorneys employed or retained by the Receiving Party (excluding all other RMLC Stations) who are actually assisting in the Proceeding; paralegals, stenographic, clerical, and litigation support employees of such attorneys; independent contractors who are working on the Proceeding and under the direction of such attorneys and to whom it is necessary that the materials be disclosed for the purposes of the Proceeding;

b.      such directors, officers, and employees of the Receiving Party (excluding all other RMLC Stations) as have a need to have access to such information for the prosecution of this Proceeding;

c.      subject to further provisions of paragraph 26, any outside consultant or expert (or his or her staff) actually assisting in the Proceeding and to whom it is necessary to disclose Confidential Station Information for the purpose of assisting in, or consulting with respect to, the prosecution of this Proceeding;

d.      the Court, including any magistrate judge, court-ordered mediators or mediators agreed to by the parties in writing, and any members of the Court or such mediators' staffs to whom it is necessary to disclose Confidential Station Information for the purpose of assisting the Court or such mediators with respect to the Proceeding; and

e.      stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding;

   f.  the author(s), addressee(s), or recipient(s) of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position; and

   g.  any other person with the express authorization of the Supplying Party.

   15.  Persons having knowledge of Confidential Station Information by virtue of their participation in the conduct of the Proceeding shall use that Confidential Station Information only in connection with the prosecution or appeal of the Proceeding and shall neither use such Confidential Station Information for any other purpose nor disclose such Confidential Station Information to any person who is not listed in paragraph 14 of this Protective Order, subject to the provisions of paragraphs 5, 7, and 14 of this Protective Order.

   16.  Disclosure of Confidential Station Information beyond the terms of this Protective Order may be made only if the Supplying Party designating the material as "**STATION CONFIDENTIAL**" consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

   17.  The Parties recognize that there may be certain discrete categories of sensitive confidential and/or confidential proprietary information, the disclosure of which, even if limited to the persons listed in paragraph 8 above, may compromise and/or jeopardize the Supplying Party's business interests ("Restricted Information") such that the Supplying Party may deem such Restricted Information to require greater limitations on disclosure than are set forth in paragraph 8 above. The Supplying Party may designate such Restricted Information in the manner provided in paragraphs 5 or 7, except that the legend applied to Restricted Information shall be: **RESTRICTED**. The parties further recognize that key non-legal officers,

directors, or personnel of each party may require access to the material terms of proposed benchmark agreements and potentially other critical information to assist outside counsel and evaluate the merits of settlement during the course of this Proceeding. The parties therefore agree to limit use of the "RESTRICTED" designation to the maximum extent practicable and in all cases make such designation only as to that material that the Supplying Party, in good faith, believes to be entitled to such treatment. Nothing in the foregoing shall preclude third parties from using the Restricted designation as set forth in this paragraph.

18.     All the provisions set forth above applicable to Confidential Information shall apply equally to Restricted Information, except that disclosure of Restricted Information by the Receiving Party shall be made only to the following persons:

a.     outside counsel retained by and attorneys employed by the Receiving Party who are actually assisting in the Proceeding; paralegals, stenographic, clerical, and litigation support employees of such attorneys; independent contractors who are working on the Proceeding and under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of the Proceeding;

b.     subject to the further provisions of paragraph 25, any outside consultant or expert (or his or her staff) actually assisting in the Proceeding and to whom it is necessary to disclose Restricted Information for the purpose of assisting in, or consulting with respect to, the prosecution of this Proceeding;

c.     the Court, including any magistrate judge, court-ordered mediators or mediators agreed to by the parties in writing, and any members of the Court or such mediators' staffs to whom it is necessary to disclose Restricted Information for the purpose of assisting the Court or such mediators with respect to the Proceeding; and

d.    stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding; and

e.    the author(s), addressee(s), or recipient(s) of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position.

19.    Persons having knowledge of Restricted Information by virtue of their participation in the conduct of the Proceeding shall use that Restricted Information only in connection with the prosecution or appeal of the Proceeding and shall neither use such Restricted Information for any other purpose nor disclose such Restricted Information to any person who is not listed in paragraph 18 of this Protective Order, subject to the provisions of paragraphs 10, 11, and 24.

20.    Counsel shall take all reasonable and necessary steps to assure the security of any Restricted Information and will limit access to Restricted Information to those persons listed in paragraph 18 of this Protective Order.  Restricted Information produced or provided by any Supplying Party will be kept in the Receiving Party's outside counsel's possession or in the possession of the Receiving Party's in-house counsel who are actually assisting in this Proceeding, outside consultants, experts, or other persons entitled to receive copies of the documents pursuant to paragraph 18 above.

21.    The parties recognize that, in certain limited circumstances, Supplying Parties may possess documents that contain extremely sensitive confidential and/or confidential proprietary information the disclosure of which, even if limited to the persons listed in paragraphs 8, 14, or 18 above, may compromise and/or jeopardize the Supplying Party's (or a third party's) business interests such that the Supplying Party deems it necessary

to require additional limitations on disclosure than are set forth in paragraphs 8 or 14 or 18 above ("Outside Counsel Information"). A Supplying Party may designate Outside Counsel Information in the manner provided in paragraphs 5 or 7, except that the legend applied to such information shall be: **OUTSIDE COUNSEL ONLY**.  The Supplying Party, shall designate as "OUTSIDE COUNSEL ONLY" only the material that it in good faith believes to be entitled to the treatment set forth below in paragraph 22, and not for the purposes of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's access to information necessary for the prosecution of this Proceeding.  The parties therefore agree to limit use of the "OUTSIDE COUNSEL ONLY" designation to the maximum extent practicable. Nothing in the foregoing shall preclude third parties from using the "Outside Counsel Designation" designation as set forth in this paragraph.

      22.    All the provisions set forth above applicable to Confidential Information and Restricted Information shall apply equally to Outside Counsel Information, except that disclosure of Outside Counsel Information by the Receiving Party shall be limited to the following persons:

      a.    outside counsel employed or retained by the Receiving Party who are actually assisting in the Proceeding; paralegals, stenographic, clerical, and litigation support employees of such outside counsel; independent contractors who are working on the Proceeding and under the direction of such outside counsel and to whom it is necessary that the materials be disclosed for purposes of the Proceeding;

      b.    subject to the further provisions of paragraph 26, any outside consultant or expert (and his or her staff) actually assisting in the Proceeding and to whom it is

necessary to disclose Restricted Information for the purpose of assisting in, or consulting with respect to, the prosecution of this Proceeding;

   c. the Court, including any magistrate judge, court-ordered mediators or mediators agreed to by the parties in writing, and any members of the Court or such mediators' staffs to whom it is necessary to disclose Restricted Information for the purpose of assisting the Court or mediators with respect to the Proceeding; and

   d. stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding; and

   e. the author(s), addressee(s), or recipient(s) of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position.

  23. Persons having knowledge of Outside Counsel Information by virtue of their participation in the conduct of the Proceeding shall use that Outside Counsel Information only in connection with the prosecution or appeal of the Proceeding and shall neither use such Outside Counsel Information for any other purpose nor disclose such Outside Counsel Information to any person who is not listed in paragraph 22 of this Protective Order, subject to the provisions of paragraphs 10, 11, 18, and 24.

  24. Notwithstanding the foregoing, because the following outside counsel are involved in negotiating license agreements on behalf of the RMLC and other BMI licensees, they shall be screened from (i) any BMI license agreements with licensees that are not either parties to this proceeding and/or entities (or their affiliates) represented by the RMLC (collectively "Non-RMLC BMI Licensees"), and (ii) materials that contain or make use of Outside Counsel Information that would reveal the contents or negotiation of such

agreements (or BMI bargaining objectives, bargaining strategy, or perceptions of bargaining power, or other similar information, associated with BMI's negotiations with such Non-RMLC BMI Licensees (together, "Screened Material")):

        a.     Kenneth L. Steinthal

Screened Material shall be clearly identified by the Supplying Party with the following Legend:

**SCREENED MATERIAL**

To the extent any expert reports that are provided to opposing counsel contain or otherwise reveal Screened Materials, producing parties will identify, to the extent feasible, those sections containing or otherwise revealing information from Screened Material and provide a copy of such documents with Screened Material redacted such that the redacted copy can be provided to listed counsel.  For documents other than expert reports that are provided to opposing counsel, the receiving party bears responsibility for any redactions for Screened Material, including but not limited to, any internal draft expert reports.  Participants shall ensure that screened outside counsel do not have access to and are not informed of the contents of Screened Material.  Attorneys at outside counsel firms shall not share or discuss Screened Material with screened outside counsel.

The designation for SCREENED MATERIAL will not apply to license agreements or information derived from license agreements where counsel identified in this section was involved in the underlying transaction.  To the extent such documents are produced with a SCREENED MATERIAL designation, receiving party may notify the producing party and the producing party will reproduce the documents with the SCREENED MATERIAL designation

removed.  To the extent the parties disagree on the correct designation of documents under this provision, they may resolve their dispute under the provisions set forth in paragraph 29.

Upon the filing of motions *in limine* or other applicable pre-trial motions, any license agreements or other materials that are relied upon by an expert in this proceeding that are not subject to a motion *in limine* or other applicable pre-trial motion will no longer be subject to the SCREENED MATERIAL designation and shall instead be treated as Outside Counsel Information hereunder.  In addition, unless otherwise provided for in a court order, screened counsel will have access to any SCREENED MATERIAL that is subject to a motion *in limine* or other applicable motion that remain a part of this proceeding following the earlier of (a) the Court's ruling on the subject pre-trial motion or (b) the final pre-trial conference.

25.     Subject to paragraph 24, Counsel shall take all reasonable and necessary steps to assure the security of any Outside Counsel Information and will limit access to Outside Counsel Information to those persons listed in paragraph 21 of this Protective Order.  Outside Counsel Information produced or provided by any third-party Supplying Party will be kept in the Receiving Party's outside counsel's possession and/or in the possession of the Receiving Party's outside consultants, experts, or other persons entitled to receive copies of the documents pursuant to paragraphs 22 and 24 above.

26.     Prior to the disclosure of any Designated Material to any person identified in paragraphs 8, 14, 18, 22 or 24 above other than the Court and its staff, any counsel of record, any employee of the law firm of outside counsel of record, or stenographic employees and court reporters recording or transcribing testimony, such person shall be provided with a copy of this Protective Order, which he or she shall read and upon reading sign in the form of a Certification in the form annexed hereto as Exhibit A, acknowledging that he

or she has read this Protective Order and shall abide by its terms.  A file of all written acknowledgments by persons who have read this Protective Order and agreed in writing, in the form annexed hereto as Exhibit A, to be bound by its terms shall be maintained by outside counsel for the party obtaining them and shall be made available, upon request, for inspection by the Court *in camera*.  Persons who come into contact with Designated Material for clerical or administrative purposes pursuant to the direction of a person identified in paragraphs 8, 14, 18, or 22, and who do not retain copies or extracts thereof, are not required to execute Certifications.

27.     Any Supplying Party may designate or redesignate under paragraphs 5, 7, 13, 17,or, if agreed to by the Receiving Party or permitted by the Court, 21, or 24 above (or withdraw a designation regarding) any material ("Redesignated Material") that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation.  Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal).  Upon receipt of any such written redesignation, counsel of record shall:  (i) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the treatment of such material required under this Protective Order pursuant to the redesignation; and (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under the applicable paragraph governing disclosure of the Redesignated Material (either paragraph 8, 14, 18, 22, or 24 above).

28.     Any party may request at any time permission to disclose Designated Material (the "Requesting Party") to a person other than those permitted under the applicable paragraph governing disclosure of the Designated Material (either paragraph 8, 14, 18, 22, or 24 above), or to use such information in a manner prohibited by this Protective Order, by serving a written request upon the Supplying Party's counsel.  Any such request shall state the Designated Material the party wishes to disclose, to whom it wishes to make disclosure, and the reason(s) and purpose(s) therefor.  The Supplying Party or its counsel shall thereafter respond to the request in writing (which shall include email) as soon as practicable, but within five (5) business days of its receipt of such request, and if consent is withheld, it shall state the reasons why consent is being withheld.  If the Requesting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Requesting Party shall be free to move the Court for an Order permitting the requested disclosure. On such a motion, it will be the burden of the Supplying Party to justify its reasons for withholding consent. Pending the resolution of the motion, the material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise.

29.     Any party may object to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL," "STATION CONFIDENTIAL," "RESTRICTED," "OUTSIDE COUNSEL ONLY" or "SCREENED MATERIAL," ("Objecting Party") by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within five (5) business days, respond (by hand delivery, courier, or email transmission) to such objection in writing by either: (i) agreeing to remove or change the designation; or (ii) stating the reasons for such designation. If the

Objecting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Objecting Party shall be free to move the Court for an Order removing or modifying the disputed designation. On such a motion, it will be the burden of the party imposing a limitation on circulation of discovery materials to justify that limitation. Pending the resolution of the motion, the material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise. For the avoidance of doubt, any party may object to the propriety of a motion seeking leave of the Court to designate a document or category of documents as Outside Counsel Information.

30.     Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's attorneys from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Confidential Information, Restricted Information, or Outside Counsel Information, provided that in rendering such advice, the attorneys shall not disclose any other party's Confidential Information, Restricted Information, or Outside Counsel Information other than in a manner provided for in this Protective Order.

31.     Production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or stop the Supplying Party from designating said document or information as "CONFIDENTIAL," "STATION CONFIDENTIAL," "RESTRICTED," "OUTSIDE COUNSEL ONLY" or "SCREENED MATERIAL" at a later date.  Disclosure of said document or information by any party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that the party that disclosed the Redesignated Material shall promptly endeavor to procure all copies of such Redesignated Material from any persons

known to have possession of any such Redesignated Material who are not entitled to its receipt under paragraphs 8, 14, 18, 22, or 24 above, pursuant to the redesignation.

32.     The inadvertent production of any attorney-client privileged materials or other materials exempt from production by any party making production of materials in this Proceeding shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof.  Each such party reserves the right to redesignate as privileged or exempt any materials that it inadvertently produces.  Upon receiving written notice, parties who have received materials redesignated as privileged shall, within five (5) business days, return, sequester, or destroy all copies of such materials in accordance with Fed. R. Civ. P. 26(b)(5)(B) and provide a certification of counsel of such treatment, and shall promptly attempt to obtain all copies of materials redesignated as privileged which were transmitted to other persons, firms, or entities. Any Receiving Party that discovers it has received what it thinks may be inadvertently produced privileged information must promptly inform the Supplying Party.

33.     Except as agreed in writing by counsel of record or ordered by the Court, to the extent that any Confidential Information, Restricted Information, or Outside Counsel Information is, in whole or in part, contained in, incorporated in, reflected in, described in, or attached to any pleading, motion, memorandum, appendix, or other judicial filing, counsel shall file that submission under seal and that document shall be designated and treated as a "Sealed Document."  Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Information, Restricted Information, or Outside Counsel Information shall be subject to the terms of this Protective Order, and if filed with the

Court, such portion containing Confidential Information, Restricted Information, or Outside

Counsel Information shall be filed as a Sealed Document.  All Sealed Documents, filed under

seal pursuant to this Protective Order, shall be filed in a sealed envelope or comparable

container and shall remain under seal until such time as this Court, or any court of competent

jurisdiction, orders otherwise.  In addition to the legend required to be placed on the document

by paragraphs 5, 7, 13, 17 , 21, or 24 above, such Sealed Documents shall be identified with

the caption of this action, a general description of the sealed contents and shall bear the

additional legend on the top of the first page of the document and on the sealed envelope:

### SUBJECT TO PROTECTIVE ORDER

Contents hereof are subject to a court-ordered
protective order governing its use and
dissemination.

The Clerk of the Court shall maintain such Sealed Documents separate from the public records in

this action, intact and unopened except as otherwise directed by the Court.  Such Sealed

Documents shall be released by the Clerk of the Court only upon further order of the Court.

34.     Nothing herein shall be construed to affect in any manner the

admissibility at trial of any document, testimony or other evidence.

35.     Upon the conclusion of the Proceeding, including any appeals, at the

written request of the Supplying Party, all Designated Material and any and all copies shall, at

the Receiving Party's option and within sixty (60) calendar days of receipt of the request,

either be destroyed or returned to the Supplying Party, provided, however, that counsel may

retain their attorney work product and all court-filed documents even though they contain

Confidential Information, Restricted Information, or Outside Counsel Information; such

retained work product and court-filed documents shall remain subject to the terms of this

Protective Order.  At the written request of the Supplying Party, any person or entity having

custody or control of recordings, notes, memoranda, summaries, or other written materials, and all copies thereof, containing Designated Material shall deliver to the Supplying Party an affidavit certifying that, except as otherwise provided herein, reasonable efforts have been made to assure that all such Designated Material and any copies thereof have been destroyed or delivered in accordance with the terms of this Protective Order.  The provisions of this paragraph regarding destruction or return do not apply to Designated Material, copies thereof, or other documents containing Designated Material that the Receiving Party has a separate legal obligation to maintain or that exists solely in archival electronic back-up systems; such documents, however, shall remain subject to the terms of this Protective Order.

36.     If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

37.     The foregoing provisions concerning confidentiality of Designated Material shall continue through the trial and any appeals related to this Proceeding, unless otherwise modified by agreement of the parties and/or order of the Court.  The parties shall be free to use any Designated Material at trial and any appeals related to this Proceeding, but shall work together to fashion appropriate measures to limit the disclosure of such Designated Materials.  The Court shall issue any relief it finds necessary, upon motion or agreement of the parties, prior to trial or to the hearing in open court.

38.     Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information, Restricted Information, or Outside Counsel Information in any manner it sees fit, without prior consent of any party or the Court.

39.     By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified.  This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this proceeding.

40.     The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

41.     Data produced in electronic form may be designated as Confidential Information, Station Confidential Information, Restricted Information, Outside Counsel Information or Screened Material by marking the data storage medium with the appropriate legend set forth in paragraphs 5, 7, 13, 17, 21 or 24.  In addition, the Supplying Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend.  If the Receiving Party prints out electronic data that is Designated Material but that does not contain the appropriate legend on the print-out, the Receiving Party shall affix the appropriate legend to each page of such print-out.

42.     Information received under this Protective Order may be used in connection with this Proceeding and any appeal.  Such information may not be used in connection with any negotiations, or other proceedings, regardless of whether the Radio Music License Committee, Inc. or Broadcast Music, Inc. are parties to such proceedings.

Dated:  New York, New York
       January 10, 2024

**KING & SPALDING LLP**          **MILBANK LLP**
By: */s/ Kenneth Steinthal___*          By: */s/ Scott Edelman__*
Kenneth L. Steinthal          Scott A. Edelman
50 California Street          Atara Miller
Suite 3300          Andrew L. Porter
San Francisco, CA 94111          Katie Cassidy-Ginsberg
Phone: (415) 318-1200          55 Hudson Yards
Fax: (415) 318-1300          New York, New York 10001
*ksteinthal@kslaw.com*          Telephone: 212-530-5000
           Facsimile: 212-530-5219
David P. Mattern          *sedelman@milbank.com*
Dara M. Kurlancheek          *amiller@milbank.com*
1700 Pennsylvania Avenue, NW          *aporter@milbank.com*
Suite 900          *kcassidy-ginsberg@milbank.com*
Washington, DC 20006-4707
Phone: (202) 737-0500          *Attorneys for Broadcast Music, Inc.*
Fax: (202) 626-3737
dmattern@kslaw.com
dkurlancheek@kslaw.com

*Counsel for Radio Music License Committee*

**<u>SO ORDERED</u>**

_____
Hon. John P. Cronan
United States District Judge

Dated: January 11, 2024
New York, New York

<span style="color:blue">SO ORDERED, with the further caveat that nothing in this Stipulation and Order excuses the parties from their obligation to comply with Rule 4 of the Court's Individual Rules and Practices in Civil Cases, which governs redacted and sealed filings.</span>

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RADIO MUSIC LICENSE COMMITTEE, INC., <br><br> Petitioner, <br><br> v. <br><br> BROADCAST MUSIC, INC., <br><br> Respondent. | 1:22-cv-05023 (JPC) <br><br> *Related to United States v. Broadcast Music, Inc., 64 Civ. 3787 (LLS)* |

## <u>CERTIFICATION</u>

      The undersigned hereby acknowledges that, having read the Protective Order issued by the Court in the above-captioned action on _____, 2024, the undersigned understands the terms thereof and agrees to be bound thereby.  The undersigned further agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York and understands that the Court may impose sanctions for any violation of the Protective Order.

_____
              Date

                             _____
                                    Name (typed or printed)

                             _____
                                        Signature